## Lysander B. Greenman v. Emily J. O'Connor.

*Depositions: Direct interrogatories: Answer not responsive: Exception: Cross-interrogatories.*   Where a witness, examined on deposition, instead of answering direct interrogatories as they are put, replies by introducing new and distinct facts not inquired about, and which favor the party on whose behalf the questions are put, the opposite party, and not merely the party propounding direct questions, may object that the answers are not responsive; as the right of cross-examination on the matter thus improperly brought into the case would be otherwise lost. A party drawing cross-interrogatories in advance cannot be required to anticipate any thing not fairly responsive to the direct interrogatories, and should not be prejudiced by evasions of that nature.

*Heard April 18. Decided April 23.*

Error to Van Buren Circuit.

*Arthur Brown,* for plaintiff in error.

*Franklin Muzzy* and *M. J. Smiley,* for defendant in error.

CAMPBELL, J.

Mrs. O'Connor sued Greenman for money furnished to be expended for her benefit and not accounted for, and for money had and received.

The case depends mainly on her testimony. Under a deposition taken in her own behalf, having been asked specifically whether she sent or delivered any checks, drafts

or orders to Greenman, and not having been asked at all about any other advances, and having been questioned specifically on cross-examination also concerning the same securities, and asked to produce them, she made no reply whatever to any of these questions, but stated that she caused one thousand dollars to be sent to Greenman of her money, and stated that Greenman kept the money and never bought the property he was to purchase for her. This evidence was very material, and went to the merits of the whole controversy.

Objection being made that the answers were not pertinent to the questions, the judge held that objection could only be taken by the proponents.

This is not a safe doctrine. The right of cross-examination would thereby be defeated entirely, because no cross-interrogatories can be expected to enter upon subjects not opened by the direct ones. And in this way a witness might be enabled, as this witness, who was also plaintiff, was, to prove an entirely different case from that suggested, without any risk of the sifting process to which the testimony would be exposed by cross-examination. No deposition can be allowed to defeat that right directly or by manifest evasion.

The judgment must be reversed and a new trial granted for this error. We find it difficult to ascertain just what other objections were properly raised by exception. The proof of divorce, by parol, might have been very material, in connection with a wife's testifying against one who was in fact her husband, but we do not clearly gather from the record that this specific objection was reserved. We therefore do not discuss it.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.